Opinion
RICKARD, P. J.
Appellant was convicted of misdemeanor assault with a deadly instrument and misdemeanor battery. He appeals from *Supp. 26 the order granting probation, contending that the trial court erred in instructing the jury as follows: “When a person intentionally does that which the law declares to be an offense, he is acting with criminal intent, even though he may not know that his conduct is unlawful, or even though he may not intend to violate the law” (see CALJIC No. 16.000 XIII). (See also CALJIC No. 3.30 which uses similar language but uses the phrase “general criminal intent” instead of “criminal intent.”) He claims that this type of instruction is contrary to the holding in Sandstrom v. Montana (1979) 442 U.S. 510 [61 L.Ed.2d 39, 99 S.Ct. 2450].
Facts
On October 2, 1978, appellant, who had arthritis, signaled the bus driver to stop but refused to exit unless the driver “kneeled” the bus (lowered the bus closer to the curb). For reasons which do not appear in the record, the driver refused, and appellant refused to exit. The bus proceeded and then appellant struck the driver with his cane. The driver then drove the bus to the police station.
Appellant testified that he struck the driver because he was in pain and because he believed that the refusal was due to a continuing course of harassment by MTD bus drivers.
Discussion
In Sandstrom v. State of Montana, supra, 442 U.S. 510, the Supreme Court held that it was reversible error to instruct that “the law presumes that a person intends the ordinary consequences of his voluntary acts” on the theory that the jury might believe that such an instruction is mandatory.
Following Sandstrom, courts have invalidated instructions which direct the jury to presume intent. See, e.g., People v. Egan (1980) 72 App.Div.2d 239 [424 N.Y.S.2d 546, 547] (“‘A person is presumed to intend the natural and probable consequences of his act, and if the consequences are natural and probable, you will not be heard to say that he did not intend them’”); People v. Burres (1980) 101 Cal.App.3d 341, 347-354 [161 Cal.Rptr. 593] (“‘When an act inherently dangerous to *Supp. 27 others is committed with a conscious disregard of human life and safety, the intent to commit a battery is presumed’”). See also People v. Navarro (1979) 99 Cal.App.3d Supp. 1 [160 Cal.Rptr. 692] (where the court concluded that it was error to instruct that defendant in good faith believed he had a right to take certain property, he should be acquitted, where the court also instructed that the belief must be reasonable. Sandstrom v. Montana was not cited in that opinion). Conversely, one court held that it was not error to instruct that what a defendant does or does not do may indicate intent or lack of intent to commit the offense, but it is reasonable to infer that a person ordinarily intends the natural and probable consequences of his acts knowingly done or knowingly omitted. The court reasoned that this instruction permitted the jury to draw a permissible inference from a basic fact (United States v. Ogle (10th Cir. 1979) 613 F.2d 233, 242-243; see also the first paragraph of instruction No. 14.13 found in 1 Devitt & Blackmar, Federal Jury Practice and Instructions (3d ed. 1977) p. 401).
It should be noted that in California, the challenged instruction is only given where the underlying crime requires general criminal intent. Here appellant was charged with general intent crimes and there was no evidence deserving of consideration which would suggest that appellant was acting in self-defense. In the context of this case, the jury was simply told that if appellant “intentionally” struck the bus driver, he was guilty of a crime even if appellant did not know his actions were unlawful, or even if he did not intend to violate the law. Unlike the instruction condemned by the United States Supreme Court, the jury was not told that they should presume intent from the doing of a given act. On the contrary, they could only conclude that he acted with criminal intent if they first found that he intentionally struck the bus driver. Therefore, in the case at bench, there was no error.
Appellant also contends that the court should have given, on its own motion, CALJIC No. 1.20, which defines the word “willfully.” Unlike the situation in People v. Peabody (1975) 46 Cal.App.3d 43, 49 [119 Cal.Rptr. 780], appellant admitted that he, himself, struck the bus driver, and the general instruction on mens rea was sufficient (See generally, People v. Calban (1976) 65 Cal.App.3d 578, 585-586 [135 Cal.Rptr. 441]).
*Supp. 28 Disposition
The order on probation is affirmed.
Dodds, J., and Jensen, J., concurred.